# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Dontague Bush, | Case No. 2:26-cv-00117-CDS-NJK |
| Plaintiff(s), | **ORDER** |
| v. | [Docket No. 1] |
| CPLC Nevada, | |
| Defendant(s). | |

Plaintiff is proceeding in this action *pro se* and has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*.

## I.   *In Forma Pauperis* Application

Plaintiff filed an affidavit required by § 1915(a).  *See* Docket No. 1.  Plaintiff has shown an inability to prepay fees and costs or give security for them.  Accordingly, Plaintiff's application to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a).  The Clerk's Office is further **INSTRUCTED** to file the complaint (Docket No. 1-1) on the docket.

## II.   Screening the Complaint

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint pursuant to § 1915(e).[1]  Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

---

[1] Plaintiff's most recent pleading is set forth through a motion for leave to amend.  Docket No. 10.  The Court addresses that motion vis-à-vis the screening procedures that apply to this case.

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

To make out a prima facie case of FMLA interference, an employee must allege that "(1) he was eligible for the FMLA's protections, (2) his employer was covered by the FMLA, (3) he was entitled to leave under the FMLA, (4) he provided sufficient notice of his intent to take leave, and (5) his employer denied him FMLA benefits to which he was entitled." *Sanders v. City of Newport,* 657 F.3d 772, 778 (9th Cir.2011). As to the fourth requirement, "the critical test for substantively-sufficient notice is whether the information that the employee conveyed to the employer was reasonably adequate to apprise the employer of the employee's request to take leave for a serious health condition that rendered him unable to perform his job." *Munger v. Cascade Steel Rolling Mills, Inc.*, 544 F. Supp. 3d 1078, 1089 (D. Or. 2021) (collecting cases, quotations and citation omitted). Only after that notice is given by the employee must an employer inquire further into the circumstances. *See id.*; *see also, e.g.*, *Liu v. Amway Corp.*, 347 F.3d 1125, 1134-35 (9th Cir. 2003).

The complaint fails to state a claim for FMLA interference. The complaint alleges that Plaintiff no-showed at work for several days, at which time he was terminated for that reason. Docket No. 1-1 at 4. Although Plaintiff alleges that he failed to appear for work for medical and family-related reasons, the complaint does not allege that Plaintiff provided his employer with any notice of those circumstances. Instead, the complaint alleges that the employer failed to discern whether the unexplained absences could have been covered by FMLA. *See id.* To make out a prima facie case, however, the plaintiff must allege that he provided notice.

For the reason discussed above, the complaint fails to state a claim for FMLA interference.[2] Although it appears Plaintiff may have difficulty stating a claim in this case, the Court will provide leave to amend.

**III.    Conclusion**

Accordingly, **IT IS ORDERED** that:

1.  Plaintiff's application to proceed *in forma pauperis* (Docket No. 1) is **GRANTED**. Plaintiff shall not be required to pay the filing fee. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

2.  The Clerk's Office is **INSTRUCTED** to file the complaint (Docket No. 1-1) on the docket.

3.  Plaintiff's complaint is **DISMISSED** with leave to amend. Plaintiff will have until **February 13, 2026**, to file an amended complaint, if the noted deficiencies can be corrected. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) in order to make the

---

[2] The complaint is also deficient in that it is not signed. *See* Docket No. 1-1 at 7; *but see* Fed. R. Civ. P. 11(a). In addition, there appear to be potential hurdles to moving forward apart from the notice issue, including as to untimeliness and exhaustion of administrative remedies. Because Plaintiff has not stated a prima facie case, however, the Court need not address these other issues now.

amended complaint complete. This is because, as a general rule, an amended complaint supersedes the original complaint.  Local Rule 15-1(a) requires that an amended complaint be complete in itself without reference to any prior pleading.  Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

4. **Failure to file an amended complaint by the deadline set above will result in the recommended dismissal of this case.**

IT IS SO ORDERED.

Dated: January 23, 2026

_____
Nancy J. Koppe
United States Magistrate Judge

4