**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Dontague Bush,

     Plaintiff(s),

v.

CPLC Nevada,

     Defendant(s).

Case No. 2:26-cv-00117-CDS-NJK

**Report and Recommendation**

On January 23, 2026, the Court screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e), dismissing it with leave to amend. Docket No. 3. Plaintiff filed an amended complaint. Docket No. 7.

Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the

1

complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

To make out a prima facie case of FMLA interference, an employee must allege that "(1) he was eligible for the FMLA's protections, (2) his employer was covered by the FMLA, (3) he was entitled to leave under the FMLA, (4) he provided sufficient notice of his intent to take leave, and (5) his employer denied him FMLA benefits to which he was entitled." *Sanders v. City of Newport,* 657 F.3d 772, 778 (9th Cir.2011).

The amended complaint alleges that Plaintiff was terminated on January 26, 2023, having failed to show up for work for several days. *See, e.g.*, Docket No. 7 at 6-7. As the prior complaint did, the amended complaint frames this issue around Plaintiff being hospitalized for a gunshot wound from January 23 to January 26, 2023. *See*, *e.g.*, *id.*[1] Importantly, the amended complaint also alleges that Plaintiff was incarcerated for three weeks through February 14, 2023. *See id.* at 7, 14. The state court docket similarly reflects Plaintiff's gross misdemeanor charge of aiming a firearm at a human on January 24, 2023, to which Plaintiff pled guilty on February 15, 2023. *See State of Nevada v. Bush*, Case No. C-23-371524-2; *see also Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1016 n.9 (9th Cir. 2012) (in applying Rule 12(b)(6), courts may take judicial notice of filings in other cases). The amended complaint alleges that Plaintiff contacted his employer to invoke FMLA after he was released from jail. *See* Docket No. 7 at 7. Hence, Plaintiff was not absent from work due to a family medical leave issue, but rather because he committed a crime to which he pled guilty and for which he was incarcerated. Being incarcerated is not a qualifying reason for FMLA leave. *See, e.g.*, *Disbennett v. Millcraft Paper Co.*, 2008 WL 4372657, at *5

___

[1] The amended complaint also references Plaintiff's children being removed from his care by child protective services. *See, e.g.*, *id.* at 7.

(S.D. Ohio Sept. 19, 2008) ("incarceration, the true reason for [the plaintiff's] absences from work, is simply not a qualifying reason for which an employer is required to give FMLA leave" (citing *Jeremy v. NW Ohio Dev. Ctr.*, 33 F. Supp. 2d 635, 638-39 (N.D. Ohio 1999), *aff'd*, 210 F.3d 372 (6th Cir. 2000)).

In light of the above, the amended complaint does not allege a plausible claim for FMLA interference and amendment would be futile. Accordingly, the undersigned **RECOMMENDS** that this case be **DISMISSED** with prejudice and without leave to amend.

Dated: March 9, 2026

_____
Nancy J. Koppe
United States Magistrate Judge

## **NOTICE**

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

3